**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

**Court File No. 01-1670 (RHK/AJB)**

---

The Work Connection, Inc.,

Plaintiff,

vs.

SAFECO Insurance Companies,

and

General Insurance Company of America,

and

First National Insurance Company of America,

Defendants.

---

**STIPULATION AND ORDER**

---

THIS STIPULATION AND AGREEMENT is made and entered into between plaintiff The Work Connection, Inc., and defendant General Insurance Company of America, by and through their respective counsel.

WHEREAS, the Court filed a Scheduling Order on October 24, 2001, setting forth a scheduling plan for the above-entitled matter;

WHEREAS, despite the parties' best efforts and due to various scheduling conflicts between counsel and witnesses, the parties have been unable to complete full discovery in the above-entitled matter;

JUL 0 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

WHEREAS, the parties mutually agree that additional time is required to complete discovery and bring nondispositive and dispositive motions based on fully completed discovery;

WHEREAS, counsel for the parties to the above-entitled matter mutually agree to extend the dates on the Court's Scheduling Order;

WHEREAS, the parties wish to narrow the parties and issues for trial;

WHEREFORE, THE PARTIES, through their undersigned attorneys, hereby agree and stipulate to entry of the following ORDER:

1. Amended Scheduling Order. The dates and requirements in the Scheduling Order of October 24, 2001, are amended as follows:

| | |
|---|---|
| 10/01/02 | Nondispositive and Dispositive Motion Deadline. All nondispositive and dispositive motions and supporting documents shall be served and filed by the parties and heard by the Court. |
| 12/01/02 | Trial Date. The case shall be ready for trial at the conclusion of discovery or upon resolution of any dispositive motion, and no later than December 1, 2002. |

All other provisions set forth in the Court's Scheduling Order filed October 24, 2001, shall remain unchanged.

2. Dismissal of claims against Defendants other than General Insurance Company of America. All counts in plaintiff's Complaint alleging claims against defendants Safeco Insurance Companies and First National Insurance Company of America are dismissed with prejudice as to those defendants only, without award of costs or disbursements.

3. Dismissal of claims against General Insurance Company of America other than breach of contract. As to the remaining defendant, General Insurance Company of American, Count 1 (Breach of Contract – Policy No. WC2368035) and Count 5 (Breach of

Contract – Policy No. WC236805A) shall remain in force and the remaining counts shall be dismissed, without award of costs or disbursements. Specifically, the following Counts in Plaintiff's complaints shall be dismissed with prejudice, without award of costs or disbursements: Count 2 (Breach of Fiduciary Duty – Policy No. WC2368035), Count 3 (Bad Faith Failure to Pay – Policy No. WC2368035), Count 4 (Violation of Statute), Count 6 (Breach of Fiduciary Duty – Policy No. WC2368035A), Count 7 (Bad Faith Failure to Pay – Policy No. WC2368035) and Count 8, mislabeled Count 7, (Attorneys Fees).

4. Clarification of Complaint. Where the term "Safeco" appears in the Complaint, except where the context clearly indicates otherwise, it shall be understood that "Safeco" means "General Insurance Company of America." Specifically, the phrase "General Insurance Company of America" shall be deemed to be substituted where the term "Safeco" appears in Counts 1 and 5, and in paragraphs 6, 7, and 8.

5. Payment of undisputed amounts. Defendant General Insurance Company of America shall, within 10 days of filing of this Order, pay to plaintiff the sum of US $113,248, which shall be non-refundable no matter what the outcome of this lawsuit.

6. No compromise/settlement of remaining dispute – No admission of breach of contract. By tendering the amount set forth in the previous paragraph, defendant shall not be deemed to have admitted liability or a breach of contract. By accepting the amount paid pursuant to the previous paragraph, plaintiff shall not be deemed to have compromised or settled its claims against defendant except to the extent of the amount of the payment, nor will it be deemed to have accepted or admitted the accuracy of defendant's calculation of return premium owing to plaintiff. The sum paid pursuant to the previous paragraph shall

operate as a credit against any judgment that may be rendered against defendant General Insurance Company of America.

DATED: 6/19/02

SIEGEL, BRILL, GREUPNER, DUFFY & FOSTER, P.A.

By: ______________________
GERALD D. DUFFY (A.R. #24703)
M. GREGORY SIMPSON (A.R. # 204560)
1300 Washington Square
100 Washington Avenue So.
Minneapolis, MN 55401
(612) 339-7131

ATTORNEYS FOR PLAINTIFF

DATED: 6/21/02

JARDINE, LOGAN & O'BRIEN, P.L.L.P.

By: ______________________
LAWRENCE M. ROCHEFORD (A.R. #153412)
STEPHEN F. BUTERIN (A.R. #248642)
8519 Eagle Point Boulevard, Suite 100
Lake Elmo, Minnesota 55042
(651) 290-6500

ATTORNEYS FOR DEFENDANTS

**ORDER**

IT IS SO ORDERED. There will be no further extension of the dates for discovery or dispositive motions or trial. RHK

Dated this 26 day of June, 2002.

By the Court:

Richard H. Kyle
Judge of United States District Court